UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IAN DIOR MAYBERRY,

          Plaintiff,

    v.

SHARON REDMOND, et al.,

          Defendant.

CASE NO. C25-5958 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Ian Dior Mayberry's motions for a preliminary injunction, Dkt. 2, and for alternative service, Dkt. 4, and on defendants Susan Adams, Catherine Case, Chelsey Miller, and Constance White's motion to dismiss for failure to state a claim, Dkt. 5. Defendants (and alleged "co conspirators") Sharon Redmon and Dawn Rubio have not so moved, but the allegations against them are the same. Mayberry has not responded to the motion to dismiss.

Mayberry asks this Court to enjoin the defendants "from violating his First Amendment right[s]." Dkt. 1 at 1. He asserts that they were in some fashion involved in a "spurious" money judgment against him in Pierce County Superior Court. *Id.* at 1–2. Mayberry's complaint and motion are otherwise difficult to comprehend.

ORDER - 1

Defendants seek dismissal for lack of jurisdiction and for failure to state a plausible claim. Dkt. 5 (citing Federal Rules of Civil Procedure 12(b)(1) and (6)).

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). The last two factors merge if the government is a party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). When considering whether to grant this "extraordinary remedy, . . . courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter*, 555 U.S. at 24.

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555). In order to state a plausible claim, a plaintiff must allege facts that allow *the court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Mayberry's complaint facially asks this Court to alter or reverse Orders issued by a state court. This Court does not have subject matter jurisdiction to do so. It cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).

The Court does not have jurisdiction to grant the relief sought in Mayberry's complaint. Furthermore, because he has failed to state a plausible claim, Mayberry cannot

1  establish that he is likely to succeed on the merits of that claim. His motion for a
2  preliminary injunction is therefore **DENIED**.

3  For the same reason, the defendants' motion to dismiss is **GRANTED**, and
4  Mayberry's claims against the moving defendants are **DISMISSED** without prejudice
5  and without leave to amend. Mayberry's claims against the remaining defendants are
6  identical, and are identically fatally flawed. They too are **DISMISSED** without prejudice
7  and without leave to amend. Mayberry's motion for alternate service is **DENIED** as
8  moot.

9  The Clerk shall enter a **JUDGMENT** and close the case.

10  **IT IS SO ORDERED**.

11  Dated this 16th day of December, 2025.

BENJAMIN H. SETTLE
United States District Judge